UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:05-CV-794 CAS |
| ROCK N BLAST, L.L.C., | ) ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiffs' motion for default judgment. Defendant has not responded. For the following reasons, the Court will grant plaintiffs' motion for default judgment.

**I. Background**

Plaintiffs filed this action against defendant Rock N Blast, L.L.C. ("Rock N Blast") for defendant's failure to pay required contributions to the plaintiff benefit plans as required by a collective bargaining agreement. Defendant was served with summons and complaint on May 30, 2005. Defendant has not responded to plaintiffs' complaint. On November 2, 2005, the Clerk of Court entered a Clerk's Entry of Default. Then, plaintiffs filed a motion to compel an accounting. This case was transferred to the undersigned on November 2, 2005. The Court granted plaintiffs' motion to compel an accounting on December 8, 2005. Plaintiffs filed a motion for default judgment with a memorandum in support and affidavits on May 16, 2006.

**II. Standard**

Default judgments are not favored in the law, United States ex rel. Time Equip. Rental & Sales, Inc. v. Harre, 983 F.2d 128, 130 (8th Cir. 1993), and their entry is discretionary. See Taylor v. City of Ballwin, 859 F.2d 1330, 1332 (8th Cir. 1988). "The entry of a default judgment should be

a 'rare judicial act.'" Comiskey v. JFTJ Corp., 989 F.2d 1007, 1009 (8th Cir. 1993) (quoting Edgar v. Slaughter, 548 F.2d 770, 773 (8th Cir. 1977)). There is a judicial preference for adjudication on the merits. Oberstar v. F.D.I.C., 987 F.2d 494, 504 (8th Cir. 1993).

Prior to the entry of a discretionary default judgment, this Court must satisfy itself that the moving party is entitled to judgment, including by reviewing the sufficiency of the complaint, and the underlying substantive merits of its claim. 10 MOORE'S FEDERAL PRACTICE § 55.20[2][b] (3d ed. 2004); Aldabe v. Aldabe, 616 F.2d 1089, 1092-93 (9th Cir. 1980). An entry of default from the Clerk of the Court pursuant to Fed. R. Civ. P. 55(a) is a prerequisite to and must precede the grant of a default judgment under Rule 55(b). Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781,783 (8th Cir. 1998). "A default judgment entered by the court binds the party facing the default as having admitted all of the well pleaded allegations in the plaintiff's complaint." Angelo Iafrate Constr., LLC v. Potashnick Constr., Inc., 370 F.3d 715, 722 (8th Cir. 2004). Indeed, the "allegations of the complaint, except as to the amount of damages are taken as true." Brown v. Kenron Aluminum and Glass Corporation, 477 F.2d 526, 531 (8th Cir. 1973) (quoting 3 Barron & Holtzoff, Federal Practice & Procedure § 1216, at 85-86 (1958)).

**III. Discussion**

The following facts are admitted by the defendants. Plaintiff, Greater St. Louis Construction Laborers Welfare Fund ("Welfare Fund"), is an employee benefits plan within the meaning of §§ 3(1), (3), 502, and 515 of the Employee Retirement Income Security Act of 1974, as amended U.S.C. §§ 1002(1), (3), 1132, 1145. (Compl. ¶ 1). The trustees of the Welfare Fund are duly designated and acting trustees of the Welfare Fund and are fiduciaries within the meaning of §§ 3(21)(A), 502 of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. §§ 1002(21)(A), 1132. (Id.). Plaintiff Construction Laborers Pension Trust of Greater St. Louis ("Pension Trust")

is an employee benefit plan within the meaning of §§ 3(2)(A), (3), 502, 515 of the Employment Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1002(2)(A), (3), 1132, 1145. (Compl. ¶ 2). The trustees of the Pension Trust are the duly designated and acting trustees of the Pension Fund and are fiduciaries within the meaning of §§ 3(21)(A), 502 of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. §§ 1002(21)(A), 1132. (Id.). St. Louis Vacation Fund-Vacation Plan ("Vacation Fund") is an employee benefit plan within the meaning of §§ 3(2)(A), (3), 502, 551 of the Employment Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1002(2)(A), (3), 1132, 1145. (Compl. 3). The Vacation Fund trustees are duly designated and acting trustees and fiduciaries within the meaning of Sections 3(21)(A), 502 of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. §§ 1002(21)(A), 1132. (Id.). Local Unions Nos. 42, 53, and 110, Laborers International Union of North America, AFL-CIO ("Union") are labor organizations representing employees in an industry affecting commerce within the meaning of §§ 2(4), (5), (6), and (7) of the National Labor Relations Act, as amended, 29 U.S.C. §§ 152(4), (5), (6), and (7) and section 301 of the National Labor Relations Act of 1947, as amended, 29 U.S.C. § 185. (Compl. ¶ 4).

Rock N Blast is a Missouri limited liability corporation conducting business and maintaining offices within this judicial district. Rock N Blast is an employer in an industry affecting commerce within the meaning of §§ 3(5), (11), (12), and 515 of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. §§ 1002(5), (11), (12) and 1145, and Sections 2(2), (6), and (7) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §§ 152(2), (6), and (7).

Rock N Blast has been bound by successive collective bargaining agreements ("CBA") with Laborers Locals 42-53-110 effective from November 16, 1999 to date.[1] (Difani Aff. ¶ 2). Pursuant to the collective bargaining agreements, Rock N Blast is required to pay contributions to the Laborers Funds and to file monthly contribution report forms. Id. The CBA requires the payment of 20% liquidated damages on delinquent contributions, as well as interest and attorney's fees. (Difani Aff. ¶ 3). Rock N Blast is also required to pay the accounting costs if an examination of its financial records determines that it has not made a full reporting of the number of hours worked. (Difani Aff. ¶ 3).

As found by the examiner, Rock N Blast is delinquent in the submission of contributions for April 2004 through December 2005, and submitted untimely its report for March 2004. (Difani Aff. ¶ 4). A financial examination performed pursuant to the collective bargaining agreements for the period of March 31, 2003 through December 30, 2005 revealed that Rock N Blast had failed to report and pay fringe benefit contributions on hours worked by employees. (Madison Aff., Ex. A). Based on defendant's monthly fringe benefit reports and a financial examination of defendant's books for the period of March 31, 2003 through December 30, 2005, and pursuant to the collective bargaining agreement and ERISA, 29 U.S.C. §1132(g)(2), plaintiffs are owed $13,012.46 in delinquent contributions, $2,602.48 in liquidated damages, and $692.19 in interest. Also, the collective bargaining agreement and ERISA, 29 U.S.C. §1132(g)(2), requires defendant to pay accounting fees, attorneys' fees, and costs. Plaintiffs incurred $1,315.50 in attorneys' fees, $600.00 in accounting fees and $419.20 in court costs and special process server fees. Based on the evidence presented, the Court finds the services performed by plaintiffs' attorneys were reasonable and

---

[1]A copy of the collective bargaining agreement can be found in Document 5, as attachment 3 to the First Affidavit of Bernard Difani.

necessary to the litigation of this case, the rates charged were reasonable, and the amount sought for attorneys' fees is reasonable. The total amount owed by defendant to plaintiffs during this time period is $18,641.83.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for default judgment is **GRANTED**. [Doc. 12]

**IT IS FURTHER ORDERED** that judgment is entered in favor of plaintiffs and against defendant Rock N Blast, L.L.C. for delinquent contributions, liquidated damages, interest, audit fees, attorney's fees and costs in the total amount of Eighteen Thousand Six Hundred Forty-One Dollars and Eighty-Three Cents ($18,641.83).

An appropriate judgment will accompany this memorandum and order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 15th day of June, 2006.