UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND et al., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) No. 4:05-CV-794 CAS |
| | ) |
| ROCK N BLAST L.L.C., | )<br>) |
| Defendant. | ) |

## ORDER

This matter is before the Court on plaintiffs' motion to compel post-judgment discovery. Plaintiffs' motion is accompanied by an affidavit of counsel and an exhibit. For the following reasons, the Court will grant the motion.

**Background**.

Plaintiffs Greater St. Louis Construction Laborers Welfare Fund (the "Welfare Fund") and the Trustees of the Welfare Fund; Construction Laborers Pension Trust of Greater St. Louis (the "Pension Trust") and the Trustees of the Pension Trust; St. Louis Vacation Fund (the "Vacation Fund") and the Trustees of the Vacation Fund; and Local Unions Nos. 42, 53, and 110, Laborers International Union of North America, AFL-CIO (the "Union") filed this action under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1132(a)(3)(ii) and 1145 and Section 301(a) of the Labor Management Relations Act of 1947, as amended 29 U.S.C. § 185(a). The Complaint asserted that defendant Rock N Blast, L.L.C. was bound by the provisions of a collective bargaining agreement to make monthly payments to the Welfare Fund, the Pension Trust, and the Vacation Fund in specified amounts and to submit monthly

report forms. Plaintiffs asserted that (1) for the period of March 2004 through May 18, 2005 defendant failed to pay the required contributions; (2) for the period November 2004 through May 18, 2005 defendant failed to submit the required monthly report forms; and (3) for the period prior to March 1, 2003, defendant paid some contributions and submitted some reports, but the accuracy of the reports and the contributions was questionable. Plaintiffs' Complaint sought to require defendant to submit its books and records to an accountant selected by plaintiffs to determine the amount owed to plaintiffs during the period March 1, 2003 through May 18, 2005, to collect delinquent contributions, interest, liquidated damages, accounting fees, attorney's fees and costs based on submitted reports for the period March 2004 through June 2004; and to order defendant to make future payments to the Welfare Fund, Pension Trust, and Vacation Fund in accordance with the terms and provisions of the collective bargaining agreement.

Defendant was served with summons and complaint on May 30, 2005, but did not file an answer or other responsive pleading within the time allowed by the Federal Rules of Civil Procedure. On November 2, 2005, a Clerk's Entry of Default was issued pursuant to Rule 55(a), Fed. R. Civ. P., and the case was reassigned to the undersigned.

By Memorandum and Order dated June 15, 2006, the Court entered default judgment in favor of plaintiffs and against defendant Rock N Blast, L.L.C. in the total amount of Eighteen Thousand Six Hundred Forty-One Dollars and Eighty-Three Cents ($18,641.83).

**Motion to Compel**.

Plaintiffs' motion to compel and the affidavit of attorney Janine M. Martin assert that plaintiffs sent a notice of post-judgment deposition to Kirby Ashley, Organizer of Rock N Blast, L.L.C. by mail on August 2, 2007, pursuant to Federal Rules of Civil Procedure 37 and 69. The notice required the

attendance of Mr. Ashley at the office of plaintiffs' counsel on August 22, 2007, at 11:00 a.m., and the simultaneous production of certain documents relevant to plaintiffs' efforts to collect the judgment in this case. Mr. Ashley did not appear at the deposition or produce any documents, nor did any representative of the defendant contact plaintiffs' counsel with respect to the deposition notice.

Rule 69(a) of the Federal Rules of Civil Procedure provides that the "[p]rocess to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise." Rule 69(a), Fed. R. Civ. P. Rule 69 further provides that the procedure on execution, and in proceedings in aid of execution, "shall be in accordance with the practice and procedure of the state in which the district court is held . . . except that any statute of the United States governs to the extent that it is applicable." Id. Finally, Rule 69 provides that in aid of a judgment or execution, a judgment creditor "may obtain discovery from any person, including the judgment debtor, in the manner provided in [the Federal Rules of Civil Procedure] or in the manner provided by the practice of the state in which the district court is held." Id.

In the absence of a controlling federal statute, a district court "has the same authority to aid judgment creditors in supplementary proceedings as that which is provided to state courts under local law." H.H. Robertson Co. v. V.S. DiCarlo Gen. Contractors, Inc., 994 F.2d 476, 477 (8th Cir. 1993) (citation omitted).

Plaintiffs seek to take a post-judgment deposition in aid of execution of their judgment. This procedure is appropriate pursuant to Rules 69(a) and 30 of the Federal Rules of Civil Procedure. It appears to the Court from the affidavit of plaintiffs' counsel that Mr. Ashley of defendant Rock N Blast, L.L.C. was properly noticed for deposition but failed to appear. Plaintiffs' motion to compel

3

discovery should therefore be granted, and Mr. Ashley of defendant Rock N Blast, L.L.C. will be ordered to appear for deposition at the offices of plaintiffs' counsel, and to produce the requested documents at the same time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to compel discovery is **GRANTED**. [Doc. 21]

**IT IS FURTHER ORDERED** that Kirby Ashley of defendant Rock N Blast, L.L.C. shall appear for a post-judgment deposition and produce the records requested in the notice of deposition dated August 2, 2007, at the offices of plaintiffs' counsel on **October 8, 2007**, at **10:00 a.m.**

**IT IS FURTHER ORDERED** that the Clerk of the Court shall mail a copy of this order to defendant Rock N Blast, L.L.C., at 3569 Swan Circle South, Arnold, Missouri 63010.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 30th day of August, 2007.